FILED                    -PS-O-

2007 OCT -3  AM 1: 13

U.S. [illegible]
W.D.N.Y - BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

REGINALD T. HANNAH,

                                                    **DECISION AND ORDER**
                -v-                                 07-CV-0635F

SUPERINTENDENT MELVIN WILLIAMS,
BUREAU CHIEF JOHN PICK,
SENIOR PAROLE OFFICER J. SMITH,
PAROLE OFFICER M. DIDIO, Willard Drug Treatment Campus,

                Defendants.

_____


        Plaintiff, who is incarcerated in the Clinton Correctional Facility Correctional

Facility, has brought this action under 42 U.S.C. § 1983, and has requested

permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and has

both met the statutory requirements and furnished the Court with a signed

Authorization.  He alleges that shortly prior to the expiration of his 90-day "parole"

or "alternative" sentence on September 28, 2004, which he was serving at the

Willard Drug Treatment Facility pursuant to a plea agreement, defendants forced

him to sign a "Special Conditions Release to Parole Supervision" which caused his

90 day sentence to be extended another four weeks. During this allegedly unlawful

extension of his sentence, plaintiff was served with a Notice of Parole Violation and

following a hearing he was found to have violated his parole and ordered to serve

the minimum 36 month sentence imposed upon him following his conviction.  A

sentence he is currently serving.  Plaintiff seeks monetary damages against the

Superintendent at Willard and the Parole Officers at Willard who were allegedly

involved in the unlawful extension of his 90 sentence at Willard.  For the following

reasons, plaintiff's complaint must be dismissed because it is barred by *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), and plaintiff's motion for counsel is denied as moot.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a)

and filed an Authorization with respect to this action, plaintiff is granted

permission to proceed *in forma pauperis*.  Sections 1915(e)(2)(B) and 1915A(a)

of 28 U.S.C. require the Court to conduct an initial screening of this complaint.  In

evaluating the complaint, the Court must accept as true all of the factual

allegations and must draw all inferences in plaintiff's favor.  *See Larkin v. Savage*,

318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284,

287 (2d Cir. 1999). "To survive dismissal, the plaintiff must provide the grounds

upon which his claim rests through factual allegations sufficient 'to raise a right to

relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar Fund,*

*Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. --

--, ----, 127 S.Ct. 1955, 1965 (2007).  "The settled rule is that a complaint should

not be dismissed for failure to state a claim unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citations

2

and internal quotation marks omitted) (applying both §§ 1915 and 1915A).

Based on its evaluation of the complaint, the Court finds that plaintiff's claims

must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)

because they fail to state a claim upon which relief may be granted, and leave to

file an amended complaint would be futile. *See Ruffolo v. Oppenheimer & Co.*,

987 F.2d 129, 131 (2d Cir. 1993) (per curiam)

### Heck's Favorable Termination Rule

It is well settled that when a litigant makes a constitutional challenge to a

determination which affects the overall length of his imprisonment, the "sole

federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475,

500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973).  In *Heck*, the United States

Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid, a
> § 1983 plaintiff must prove that the conviction or sentence has been
> reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254."

512 U.S. at 486-87.

Heck applies to Section 1983 actions that challenge the fact or duration of

confinement based on the revocation of parole; the very issue present here.  *See*

*Harris v. New York*, No. 01 Civ. 6927(LAP), 2003 WL 554745, at * 3 (S.D.N.Y.,

Feb. 26, 2003). *Davis v. Cotov*, 214 F.Supp. 310, 316 (E.D.N.Y.2002) (collecting

cases); *Dallas v. Goldberg*, 143 F.Supp.2d 312, 322 (S.D.N.Y.2001), decision

modified on different grounds, No. 95 Civ. 9076(LTS)(RL), 2002 WL 1013291, at

** 9-10  (S.D.N.Y., May 20, 2002).[1]

Accordingly, to the extent that plaintiff seeks monetary damages relating to

the revocation of his parole in 2004, his claims are barred by Heck because he

has not established that his parole revocation has been invalidated.  In fact,

plaintiff's complaint notes that he unsuccessfully challenged his parole revocation

in an administrative appeal.  (Docket No. 1, Complaint, ¶ 33).

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed

an Authorization with respect to the filing fee.  Accordingly, plaintiff's request to

proceed *in forma pauperis* is granted and, for the reasons discussed above, the

complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)

and 1915A.  Plaintiff is forewarned that his right to pursue further relief in federal

court at public expense will be greatly curtailed if he has three actions or appeals

dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  *See*

28 U.S.C. § 1915(g).

---

[1]The district court modified its earlier decision that Heck barred the plaintiff's claims to damages relating to his incarceration upon the revocation of parole because the plaintiff had been released from custody and thus habeas corpus was not available to him. *Dallas*, 2002 WL 1013291, at ** 9-10 (citing *Huang v. Johnson*, 251 F.3d 65 (2d Cir.2001).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice and plaintiff's motion for counsel is denied as moot; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:      Oct. 2    , 2007